No. 90-583

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

BLAINE BANK OF MONTANA,
a Montana Corporation,

Plaintiff and Appellant,

v.

RUSSELL HAUGEN, DONN R. HAUGEN,
and DELL HAUGEN, d/b/a QUALITY
ENTERPRISES, a Montana partnership
and DORIS HAUGEN,

Defendants and Respondents.

**FILED**

AUG 20 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial District,
In and for the County of Blaine,
The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ward E. Taleff, Alexander, Baucus & Linnell; Great
Falls, Montana

For Respondent:

Chris R. Young, Morrison, Young, Melcher & Brown;
Havre, Montana

Submitted on Briefs:  May 16, 1991

Decided:  August 20, 1991

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The Seventeenth Judicial District Court, Blaine County, granted an order relieving defendants and respondents, Russell, Donn R., and Doris Haugen, from a deficiency judgment obtained by plaintiff and appellant, Blaine Bank of Montana. The Bank appeals. We reverse.

The sole issue on appeal is whether the District Court erred in granting the Haugens' motion for relief from final judgment.

On May 1, 1981, the Haugens entered into a contract for deed with the S-M Corporation, the predecessor in interest to Henry O. and Betty L. Erickson, for the purchase of the Shanty Motel in Havre. That same day, the Haugens executed a quitclaim deed (Haugen-to-S-M Corporation deed) to be used in the event the Haugens defaulted on the contract for deed. Both the contract and the deed were placed in escrow.

Later, in May 1984, the Haugens borrowed money from the Blaine Bank of Montana, by way of a promissory note, to finance a separate transaction. To secure the loan, the Haugens granted the Bank a security interest in certain items of personal property. They also assigned to the Bank as security their vendees' interest in the motel, and at the same time, executed a quitclaim deed to the motel property in favor of the Bank (Haugen-to-Bank deed). The assignment agreement provided that if the Haugens defaulted on the note the Bank had the option of either foreclosing on the motel as a mortgage or filing the quitclaim deed. The assignment was

2

recorded with the Hill County Clerk and Recorder, and it, along with the quitclaim deed, was transmitted to the escrow agent holding the contract for deed and other related documents pertaining to the original motel purchase.

The Haugens failed to pay taxes on the motel for the years 1985 through 1988. Pursuant to the terms of the contract for deed, on September 14, 1989, the Ericksons notified the Haugens that they were in default. The Haugens did not cure the default within 30 days as allowed by the contract. They relinquished possession of the property to the Ericksons, although the record is unclear as to the date on which the relinquishment occurred. The escrow agent delivered the documents held in escrow, which included the Haugen-to-S-M Corporation deed and the Haugen-to-Bank deed, to the Ericksons' attorney on January 4, 1990.

In the meantime, the Bank commenced a foreclosure action against the Haugens for their default on the promissory note. On November 16, 1989, a jury returned a verdict in favor of the Bank. Judgment was entered on January 17, 1990. The judgment purported to foreclose the Haugens' interest in the contract for deed, as well as their interest in the personal property in which the Bank held a security interest. The judgment directed the Haugens to pay any deficiency remaining after application of the proceeds from the sale of the secured property. The Haugens did not appeal from the judgment.

On April 18, 1990, the Bank conducted a sheriff's sale of the Haugens' interest in the motel property. The Bank was the

successful bidder for an amount less than the judgment debt and a deficiency occurred.

By a separate agreement, entered into prior to the sheriff's sale, the Bank and the Ericksons agreed upon possession and management responsibilities of the motel, as well as payment of the contract for deed. In conjunction with the agreement, the Ericksons executed a quitclaim deed in favor of the Bank for the motel property (Erickson-to-Bank deed). In June 1990, all of the documents obtained from the escrow agent by the Ericksons' attorney were delivered to the Bank. The Bank recorded the documents, including the Haugen-to-S-M Corporation and the Haugen-to-Bank deeds, with the Hill County Clerk and Recorder. The Bank also recorded the Erickson-to-Bank deed.

In October 1990, upon learning that the Bank had recorded the quitclaim deeds, the Haugens filed a motion for relief from judgment. At the hearing on the motion, the Haugens maintained that the assignment provided that the Bank could either foreclose on the property or file the quitclaim deed it had received from the Haugens. The Haugens argued that once the Bank chose to file the deed, it was precluded from collecting any deficiency. The court agreed and entered an order granting the Haugens relief from judgment and prohibiting the Bank from recovering any deficiency after application of the proceeds from the sale of the motel. From this order, the Bank appeals.

The Bank contends that the recording of the Haugen-to-Bank quitclaim deed could not preclude a deficiency judgment. The

4

Haugens contend that the law of mortgages provides that recording a deed from the mortgagor eliminates the mortgagee's right to a deficiency judgment and the mortgagor's equity of redemption.

Upon examining the record, we agree with the conclusion reached by the Bank. In this case, the filing of the Haugen-to-Bank quitclaim deed did not legally preclude a deficiency judgment.

Both parties concentrate on the Bank's foreclosure of the Haugens' interest in the contract for deed, the ensuing sheriff's sale of the motel property, and the subsequent recording of the Haugen-to-Bank quitclaim deed. They ignore the fact that prior to the occurrence of these events, the Haugen-to-S-M Corporation deed had already been delivered by the escrow agent to the attorney for the Ericksons. The Haugens had previously defaulted on the contract for deed to the motel, failed to cure the default after notice, and relinquished possession of the property to the Ericksons. Therefore, by the time the District Court entered judgment foreclosing the Haugens' interest in the contract for deed, the Haugens did not possess any interest to foreclose. By their failure to cure the default after notice, the Haugens forfeited all their rights in the property subject to the contract for deed.

With the cancellation of the contract for deed, the Haugens gave up their rights to the motel property and no longer held any right of redemption. Because the Haugens no longer had an interest in the property, the Haugen-to-Bank quitclaim deed conveyed nothing

to the Bank. Therefore, the subsequent delivery of the quitclaim deed to the Bank and recording of that deed had no legal effect.

The District Court erred in holding that the recording of the quitclaim deed prohibited the Bank from collecting any deficiency. For the reasons stated above, the filing of the deed did not eliminate the Bank's right to a deficiency judgment.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices