No. 92-430

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

BLAINE BANK OF MONTANA,
a Montana Corporation,

      Plaintiff and Respondent,

  v.

RUSSELL HAUGEN, DONN R. HAUGEN,
and DELL HAUGEN, d/b/a QUALITY
ENTERPRISES, a Montana partnership,
and DORIS HAUGEN,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Seventeenth Judicial District,
In and for the County of Blaine,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Chris R. Young; Young, Brown & Richardson,
Havre, Montana

      For Respondent:

          Ward E. Taleff, John P. Paul; Alexander,
Baucus & Linnell, Great Falls, Montana

FILED

AUG 17 1993

Filed:

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   March 25, 1993

Decided:   August 17, 1993

_____
Clerk

Justice Karla M. Gray delivered the opinion of the Court.

Russell and Donn Haugen appeal from an order of the Seventeenth Judicial District Court, Blaine County, denying their motion to preclude entry of deficiency judgment. We affirm.

We restate the issues on appeal as follows:

1.    Did the District Court err by allowing the Haugens to file an action to recover damages, if any, resulting from a judicial foreclosure sale which violated § 25-13-704(2), MCA, instead of precluding deficiency judgment?

2.    Did the District Court err by declining to preclude deficiency judgment based on its determination that the Haugens did not own personal property located in the Shanty Motel when it was sold by Blaine Bank?

In May 1984, Blaine Bank of Montana (Blaine Bank) loaned $113,868.16 to Russell Haugen. The promissory note listed the borrower as "Russell Haugen d/b/a Quality Enterprises." To secure the loan, Blaine Bank obtained and perfected a security interest in vehicles and equipment owned by Russell and Doris Haugen (the Haugens). As further security for the loan, the Haugens assigned their purchasers' interest in a 1981 contract for deed between themselves and S-M Corporation for the purchase of the Shanty Motel located in Havre, Montana. They also executed a quit claim deed for the motel in favor of Blaine Bank to be recorded in the event of default.

On February 24, 1988, Blaine Bank filed a complaint against Russell Haugen, his sons Donn and Dell Haugen, and Quality

2

Enterprises, a partnership allegedly formed by the three men. Blaine Bank asserted that the defendants had defaulted on the May 1984 loan. It elected to accelerate the outstanding debt and declared the entire unpaid balance, totaling $116,621.12, due.

Blaine Bank also sought to foreclose its security interest in the collateral and requested that Russell, Donn, and Dell Haugen be required to pay any resulting deficiency. The complaint named Doris Haugen as a defendant on the basis of her interest in the collateral. Russell, Donn, and Doris Haugen asserted a number of affirmative defenses and counterclaims.

A jury trial was held on November 13, 1989. The jury returned a verdict against all the named defendants and against Russell, Donn, and Doris Haugen on their defenses and counterclaims. The District Court subsequently entered judgment in favor of Dell Haugen, having determined that he was not a partner in Quality Enterprises, and therefore, not liable on the promissory note.

On January 17, 1990, the District Court filed a judgment and decree of foreclosure awarding Blaine Bank $132,427, representing the principal and interest on the debt, plus costs and attorney fees. The court also foreclosed the Haugens' interest in the contract for deed and personal property collateral, directed that the collateral be sold at a judicial foreclosure sale, and required Russell and Donn Haugen to pay any deficiency. No appeal was taken.

Blaine Bank subsequently purchased the Haugens' purchasers' interest in the contract for deed for $60,700 at a judicial

foreclosure sale held April 18. It also purchased the vehicles and equipment at a judicial foreclosure sale held August 30 for $18,000; although this sale was held in Blaine County, virtually all the property was located in Missoula County. A deficiency remained after the proceeds from the sales were applied to the judgment.

In addition to defaulting on the Blaine Bank loan, the Haugens had defaulted on the contract for deed for purchase of the Shanty Motel. They failed to cure their default and relinquished possession of the motel to Henry and Sandra Erickson (the Ericksons), successors to S-M Corporation, in January 1990.

On April 16, 1990, two days prior to purchasing the Haugens' purchasers' interest in the contract for deed at the foreclosure sale, Blaine Bank agreed to purchase the Ericksons' sellers' interest in the contract and the "real and personal property comprising the Shanty Motel." Although no sale documents are of record, Blaine Bank apparently purchased the motel property according to the terms of the April 16 agreement. In October 1991, Blaine Bank sold the Shanty Motel, including the personal property located inside it, to Narayan and Vibhuti Joshi (the Joshis).

The case presently before us results from the Haugens' second attempt to preclude Blaine Bank from obtaining a deficiency judgment. The District Court previously had granted the Haugens' motion for relief from judgment on the basis that Blaine Bank's recording of the quit claim deed given with the Haugens' assignment of their purchasers' interest in the contract for deed eliminated

4

the bank's right to a deficiency judgment under the terms of the assignment. Blaine Bank appealed and we reversed and remanded for further proceedings, concluding that the recording of the quit claim deed had no legal effect because the Haugens had forfeited all their rights in the motel property with the prior cancellation of the contract for deed with the Ericksons. Thus, at the time of the decree of foreclosure of the Haugens' interest in the contract for deed, the Haugens had no interest to be foreclosed. Blaine Bank of Montana (1991), 249 Mont. 381, 816 P.2d 447 (Haugen I).

On remand, the Haugens again moved the District Court to preclude deficiency judgment, arguing that the sale of the vehicles and equipment violated § 25-13-704(2), MCA, and was not commercially reasonable under § 30-9-504(3), MCA. They also asserted that the deficiency judgment should be precluded because Blaine Bank sold their personal property, consisting of motel furniture and bedding, located inside the Shanty Motel. The District Court denied the motion to preclude deficiency judgment, but fashioned an alternative remedy for the unlawful sale of the vehicles and equipment. The Haugens appeal.

Did the District Court err by allowing the Haugens to file an action to recover damages, if any, resulting from a judicial foreclosure sale which violated § 25-13-704(2), MCA, instead of precluding deficiency judgment?

The District Court determined that the sale of vehicles and equipment violated § 25-13-704(2), MCA, because the property was capable of manual delivery but was not within the view of those

5

attending the sale. In fashioning a remedy, the court determined that setting aside the sale was impractical here due to the sale of the property to various purchasers in various locations and that precluding the deficiency judgment altogether was too severe a penalty for Blaine Bank's wrongdoing. The court allowed the Haugens to file an action for any damages they suffered by reason of the unlawful sale.

The Haugens assert that a judicial foreclosure sale conducted under Montana's execution statutes, §§ 25-13-101, et seq., MCA, is analogous to a secured creditor's sale of collateral under § 30-9-504(3), MCA, of Montana's Uniform Commercial Code (UCC). On that basis, they contend that the UCC remedy for commercially unreasonable sales should apply to preclude Blaine Bank from obtaining a deficiency judgment. They rely on Wippert v. Blackfeet Tribe (1985), 215 Mont. 85, 695 P.2d 461, Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 731 P.2d 327, and Bank of Sheridan v. Devers (1985), 217 Mont. 173, 702 P.2d 1388, which are all UCC cases.

Initially, we observe that the District Court did not determine whether the sale of the vehicles and equipment was commercially reasonable under the UCC. The court determined only that the sale violated § 25-13-704(2), MCA, and fashioned its remedy accordingly. The Haugens do not contend that the District Court erred in declining to address the applicability of the UCC's commercially reasonable standard to the sale. Indeed, they concede

6

that the sale of the vehicles and equipment was governed by the execution statutes and not the UCC.

Despite their concession that the UCC did not govern the sale, the Haugens urge this Court to require the District Court to apply the UCC remedy barring deficiency judgment to a violation of § 25-13-704(2), MCA. They cite no authority requiring preclusion of deficiency judgment when it is impractical to set aside a sale of collateral that violates § 25-13-704(2), MCA, however, and we find no basis for limiting the District Court to the UCC remedy of precluding deficiency judgment in non-UCC cases.

Furthermore, Blaine Bank would not be precluded from obtaining a deficiency judgment even if the UCC were applied. It is true that on the facts presented in Wippert, Westmont Tractor, and Bank of Sheridan, we concluded that a secured party is precluded from obtaining a deficiency judgment for failing to give adequate notice of the sale as required by § 30-9-504(3), MCA. However, we have also recognized that a total bar to a deficiency judgment is unwarranted in some cases.

In Ottersen v. Rubick (1990), 246 Mont. 93, 98, 803 P.2d 1066, 1069, for example, we observed that barring a deficiency judgment sometimes suggests that the creditor proceeded in bad faith or with unclean hands. When that factor is absent and only a minor portion of the collateral is sold improperly, § 30-9-507(1), MCA, provides an adequate remedy. Ottersen, 803 P.2d at 1069.

Here, Blaine Bank has been in litigation over its claims against the Haugens for five and one-half years. It has proceeded

7

diligently in attempting to enforce its rights and the record contains no suggestion that any of its actions were taken in bad faith or with unclean hands. Furthermore, the judgment and decree of foreclosure entered against the Haugens amounted to $132,427 (plus costs and attorney fees). The vehicles and equipment improperly sold were sold for $18,000--only 15 percent of the total amount of the judgment. Under these circumstances, we hold that the District Court was not required to preclude Blaine Bank from obtaining a deficiency judgment.

The question remains as to the propriety of the remedy fashioned by the District Court. Initially, we observe that foreclosure proceedings, including the entry of a deficiency judgment, are equitable in nature. See Wash.-Ida.-Mont. Retirement v. Galleria (1989), 239 Mont. 250, 265, 780 P.2d 608, 617. Courts sitting in equity are empowered to determine all the questions involved in the case and to do complete justice; this includes the power to fashion an equitable result. Galleria, 780 P.2d at 617.

The Haugens contend that the remedy imposed by the District Court is inequitable because they bear the burden of proving damages in the supplemental action. They argue that because Blaine Bank improperly sold the collateral, it should be required to prove that the property's fair market value was obtained at the sale. To support this argument, they assert that a secured creditor seeking deficiency judgment has the burden of proving the commercial reasonableness of the disposition of collateral under the UCC, relying on Farmers State Bank v. Mobile Homes Unlimited (1979), 181

8

Mont. 342, 593 P.2d 734. This contention is flawed for the same reason articulated above. This is not a UCC case, and the Haugens have cited no authority requiring application of UCC remedies or standards to a judicial foreclosure sale that violates § 25-13-704(2), MCA.

There is nothing inequitable in requiring the Haugens to prove the damages, if any, they have sustained. Nor is there anything equitable in requiring the District Court to preclude Blaine Bank from its deficiency judgment now worth in excess of $150,000 due to a violation in the sale of vehicles and equipment worth approximately $18,000.

The remedy fashioned by the District Court is much like the limited UCC remedy set forth in § 30-9-507(1), MCA. Under that provision, a debtor has the right to recover from a secured party any loss caused by a failure to dispose of the collateral in accordance with the UCC. Here, the District Court's remedy allows the Haugens to recover any damages incurred by the unlawful sale of the vehicles and equipment.

Under these facts and circumstances, we conclude that the District Court did not err in allowing a supplemental proceeding to determine the amount of damages, if any, sustained by the Haugens as a result of the unlawful sale.

Did the District Court err by declining to preclude deficiency judgment based on its determination that the Haugens did not own personal property located in the Shanty Motel when it was sold by Blaine Bank?

9

The District Court determined that the Haugens relinquished possession of the personal property located inside the Shanty Motel to the Ericksons when they abandoned the motel property in January of 1990. The Haugens contend that they remained the owners of the personal property when Blaine Bank sold the motel to the Joshis. They first argue that the 1981 contract for deed conveyed only the real property comprising the Shanty Motel, and therefore, that the Ericksons became the owners of the realty, but not the personal property, when the contract for deed was terminated.

While it is true that the 1981 contract for deed for the Shanty Motel did not expressly convey the personal property along with the motel realty, it is clear that the Haugens gained their interest in the property by virtue of entering into the contract for deed. At the hearing on the motion to preclude deficiency judgment, the Haugens' attorney conceded that the property in dispute had always been in the motel. Thus, when the Haugens defaulted on the contract and relinquished possession of the motel to the Ericksons, they forfeited not only their interest in the motel realty but also in the personal property.

The Haugens' forfeiture of their interest in the personal property is in accord with our holding in Haugen I. There, we determined that the Haugens did not possess any interest in the motel property after failing to cure their default on the contract for deed and relinquishing possession of the motel prior to the court's judgment of foreclosure in favor of Blaine Bank. Haugen, 816 P.2d at 448-49.

10

The Haugens also argue that the certificate of sale relating to the judicial foreclosure of their purchasers' interest in the contract for deed purported to sell only the motel's realty, and therefore, that they remained the owners of the personal property. This argument is without merit. As discussed above, the Haugens forfeited all their interest in the motel property to the Ericksons prior to the judicial foreclosure sale of their purchasers' interest in the contract for deed. As a result, Blaine Bank gained no interest in the motel at the sale. Blaine Bank's interest in the Shanty Motel is derived solely from its pre-foreclosure sale agreement to purchase the motel--including, according to the sales agreement, both the "real and personal property comprising the Shanty Motel"--from the Ericksons on April 16, 1990. Thus, Blaine Bank owned the personal property when it sold the Shanty Motel to the Joshis.

We conclude that the District Court did not err in determining that the Haugens did not own any personal property located in the Shanty Motel when it was sold to the Joshis. Thus, the sale provides no basis for precluding Blaine Bank from obtaining a deficiency judgment.

Affirmed.

_____
Justice

11

We concur:

_John Conway Harrison_

_Terry Trieweiler_

_William E. Hunt_

_____
Justices

August 17, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Chris R. Young, Esq.
Morrison, Young, Brown & Richardson
P.O. Box 1070
Havre, MT 59501

Ward E. Taleff, Esq.
Alexander, Baucus & Linnell
P.O. Box 2629
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy