*12 JUSTICE NELSON
specially concurs.
I agree with Justice Trieweiler’s dissent in one respect. This case is about fairness. It is about the fairness inherent in simply applying the rules of civil procedure as they are written, instead of interpreting them in some strained fashion so as to allow one party to disregard the rules at the expense of the other party. The rules of civil procedure are not written to secure a tactical advantage to either the plaintiff or the defendant; rather, they are written to regulate the course of litigation, to level the playing field, and to move a lawsuit forward at something more than the glacial speed. The rules are there for both parties to read and to follow. If lawyers choose to conduct their practices in the eleventh hour, then neither they nor their clients should be particularly surprised when, whether through dalliance, neglect or lack of attention to the time limits clearly set forth in the rules, time eventually runs out.
Characterizing and dismissing the majority’s legal analysis as “sanctimonious,” “pontification” and “mumbo-jumbo,” while lending nothing to the development, to the understanding or to the exposition of the law, does reaffirm the uninformed and pervasive perception that many members of the public already have of lawyers, courts and judges as doing little more than dancing on pin heads. Moreover, this sort of sound-bite legal writing is guaranteed to provide easy copy for the press, editorial writers and talk-show hosts — especially those who could care less about reading, much less fairly and intelligently reporting, the opinion when there is a dissent full of one-liners to quote. However, it is precisely this sort of rule-from-the-gut and shoot-from-the-hip approach that produces result-oriented decisions like Livingston. That aside, until some higher power grants this writer the authority and omniscience to split the baby on some basis other than what, in this case, the rule clearly requires, I would rather simply apply the law as it is written, whether that is an intellectually detached exercise or not, and leave ruling from the gut to others.
Finally, contrary to the dissent, it is not the majority opinion that has denied these litigants their day in court but, rather, it is the litigants’ own failure to pursue their lawsuit with diligence and within the time limits unambiguously set forth in Rule 41(e). If those time limits or the requirements of the rule serve nothing more than to impose meaningless barriers to litigation, as the dissent seems to believe, then the rule should be changed. Unless and until it is however, Blaine Bank and Larsen have as much right to rely on this *13 rule in their effort to avoid the expense and time of defending Haugens5 lawsuit — a suit of questionable merit, in any event, given our prior decisions in Blaine Bank of Montana v. Haugen (1991), 249 Mont. 381, 816 P.2d 447, and in Blaine Bank of Montana v. Haugen (1993), 260 Mont. 29, 858 P.2d 14 — as Haugens had in bringing suit and in prosecuting this cause of action in the first place.
JUSTICE GRAY joins in the foregoing special concurrence.